UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PAMELA NORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17 CV 194 SNLJ |
| ) | |
| MASSEY ENTERPRISES, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM and ORDER

Plaintiff Pamela Norman filed this employment discrimination lawsuit under the Missouri Human Rights Act ("MHRA") against defendants Massey Enterprises, Inc., Dustin Massey, William Morrow, and FedEx Ground Package System, Inc. (incorrectly named as FedEx Office and Print Services, Inc.) on August 25, 2017 in the Circuit Court of Scott County, Missouri. Defendant FedEx was served on September 1, 2017; Massey Enterprises, Massey, and Morrow were served on September 4, 2017.

On September 27, 2017, defendants Massey Enterprises and Massey filed a motion to dismiss plaintiff's petition as having been filed outside the statute of limitations for an MHRA claim.

On October 1, 2017, plaintiff filed her amended petition, adding claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII claim"). On October 31, 2017, defendant FedEx removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

1

**I.     Motion to Remand**

Plaintiff has sued the four defendants for claims of discrimination and retaliation under federal law --- Title VII of the Civil Rights Act of 1964. The "district courts … have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, 28 U.S.C. § 1441(a) and (c) provides FedEx with a statutory right of removal. Plaintiff does not deny that she has brought her claims under federal law. She argues, however, that FedEx's removal is improper because federal courts do not have exclusive jurisdiction over civil actions brought under Title VII. Although state courts may hear Title VII claims, it remains that district courts have original jurisdiction over such claims. Removal was therefore proper. *See, e.g.*, *DeRyke v. Cracker Barrel Old Country Store, Inc.*, 08-4199-CV-C-WAK, 2008 WL 5110712, at *5 (W.D. Mo. Dec. 3, 2008) ("plaintiff's Title VII claims would have been within the original jurisdiction of this court when they were filed, and removal is proper.").

**II.    Motions to Dismiss**

Each of the four defendants has moved to dismiss plaintiff's MHRA claim due to its untimeliness. The MHRA requires that a plaintiff seeking to pursue a claim under the MHRA must first have been issued a "right-to-sue" letter from the Missouri Human Rights Commission. § 213.111.1 RSMo. A plaintiff must then file his or her action within 90 days of the date of the right-to-sue letter. *Id.* Plaintiff's right-to-sue letter was dated May 25, 2017. Her deadline to file an MHRA claim was thus August 23, 2017. Plaintiff's petition was filed on August 25, 2017 --- two days late. Lawsuits under the MHRA that are filed after the 90-day deadline are barred by the statute of limitations and must be dismissed. *E.g.*, *Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130, 137 (Mo. App. 2003).

Next, defendant William Morrow also moved for dismissal of her Title VII claim against him because he says he is not an employer within the meaning of Title VII. Supervisors are not employers under Title VII and thus "may not be held liable under Title VII." *Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999). Plaintiff responds that "defendant Morrow was the sole owner of Morrow Enterprises, Inc. and therefore, was plaintiff's employer." (#10 at 4.) Plaintiff alleges she was employed by Massey Enterprises and FedEx. (#5 at ¶9.) There is no mention of any "Morrow Enterprises, Inc." in her petition. Because defendant Morrow was plaintiff's supervisor and not her employer, the remaining Title VII claim against him will be dismissed.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#15) is DENIED.

IT IS FURTHER ORDERED that defendant Massey Enterprises, Inc.'s motion to dismiss (#4), defendant Dustin Massey's motion to dismiss (#3), defendant William Morrow's motion to dismiss (#9), and defendant FedEx's motion to dismiss (#15) are GRANTED.

Dated this  6th  day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE