UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| PAMELA NORMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:17 CV 194 SNLJ |
| MASSEY ENTERPRISES, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

This matter is before the Court on defendants Massey Enterprises, Inc. and FedEx Ground Package System, Inc.'s motions for summary judgment (#48, #53). Plaintiff Pamela Norman claims she was discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*. The motions have been fully briefed and are ripe for disposition.

**I.    Background**

Plaintiff filed this lawsuit in the Circuit Court for Scott County, Missouri. Her first petition brought claims against William Morrow, Dustin Massey, Massey Enterprises, Inc., and FedEx Ground Package System, Inc. under the Missouri Human Rights Act ("MHRA"). Plaintiff later amended her petition to add claims under Title VII. Defendants then removed the case in light of federal question jurisdiction. This Court dismissed plaintiff's MHRA claims due to their untimeliness and dismissed plaintiff's claims against individuals Morrow and Massey because Title VII does not

1

impose liability on supervisors. The remaining defendants, FedEx and Massey Enterprises, have moved for summary judgment on plaintiff's claims for sex discrimination, sexual harassment, hostile work environment, and retaliation.

## II. Discussion

As noted, this Court has already dismissed plaintiff's MHRA claims as untimely filed. The MHRA requires that a plaintiff seeking to pursue a claim under the MHRA must first have been issued a "right-to-sue" letter from the Missouri Human Rights Commission. § 213.111.1 RSMo. A plaintiff must then file his or her action within 90 days of the date of the right-to-sue letter. *Id.* Plaintiff's Missouri right-to-sue letter was dated May 25, 2017. Her deadline to file an MHRA claim was thus August 23, 2017. Plaintiff's petition was filed on August 25, 2017—two days late. Lawsuits under the MHRA that are filed after the 90-day deadline are barred by the statute of limitations and must be dismissed. *E.g.*, *Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130, 137 (Mo. Ct. App. 2003).

Plaintiff did not file her Title VII claim until October 1—after defendants had moved to dismiss the MHRA claim but before that motion was ruled on. The Equal Employment Opportunity Commission ("EEOC") had issued plaintiff her right to sue letter on June 7; that letter stated that any claim had to be filed within 90 days—by September 8, 2017 after adding three days for mailing time allowed by Federal Rule of Civil Procedure 6. *See also* 42 U.S.C. § 2000e-5(f)(1). Defendant Massey Enterprises

argues that because plaintiff did not amend her petition to add her Title VII claims until nearly a month after the deadline, her claims are time-barred.

Plaintiff responds that Federal Rule of Civil Procedure 15(c) saves her claim. Plaintiff relies on *Mandacina v. United States*, 328 F.3d 995, 1000 (8th Cir. 2003), which explains that Rule 15(c)'s "relation back doctrine allows untimely claims to be deemed timely by treating the claims as if they had been filed when the timely claims were filed." "An amendment to a pleading shall 'relate back' to the date of the original pleading only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence." *Id.* (internal quotations omitted). No one doubts that, here, the amended pleading's claim arose from the same conduct; however, plaintiff's own case requires a "timely claim" filed with the original petition. *Id.*; *see also Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015) ("Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion…".). Again, this Court has already held that plaintiff's original petition was not timely.

The Eighth Circuit has not spoken on the precise issue before the Court. But the Supreme Court, addressing a different relation-back issue, has observed that Rule 15(c) "governs when an amended pleading 'relates back' to the date of a <u>timely</u> filed original pleading." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) (emphasis added). Looking to other jurisdictions, the Seventh Circuit held that an amended complaint alleging violations under 42 U.S.C. § 1983 could not relate back to an

3

untimely original complaint in *Henderson v. Bolanda*, 253 F.3d 928 (7th Cir. 2001). *See also Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Numerous district court decisions have followed. *E.g.*, *Clink v. Oregon Health & Sci. Univ.*, 9 F. Supp. 3d 1162, 1165 (D. Or. 2014)[1]; *Washington v. Potter*, 1:09-CV-1774-JOF-RGV, 2010 WL 2635647, at *4 (N.D. Ga. Apr. 16, 2010), report and recommendation adopted, 2010 WL 2635649 (N.D. Ga. June 28, 2010); *Roberts v. Newberry Coll.*, C/A 7:08-3198GRABHH, 2009 WL 1485038, at *3 (D.S.C. May 27, 2009). This Court is in agreement with those that have held that "it strains reason to argue that one untimely complaint can be saved by relating back to another untimely complaint." *Papenthien v. Papenthien*, 16 F.Supp.2d 1235, 1240–41 (S.D.Cal.1998). "Stated otherwise, it simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint." *Id.*

The Court therefore need not reach the parties' substantive arguments for summary judgment. The Court will grant defendant Massey Enterprises's motion for summary judgment. Defendant FedEx did not raise this argument in its own motion for summary judgment; however, the Court will hold the motion in abeyance and allow defendant FedEx seven days in which to file supplemental briefing on this matter. Plaintiff will be permitted seven days in which to file any response to FedEx's supplemental briefing.

---

[1] A subsequent District of Oregon opinion calls this holding into question because it may add requirements to Rule 15(c). However, that case also noted that the original complaint was not completely dismissed for untimeliness. *Daniel v. Oregon Health & Sciences Univ.*, 262 F. Supp. 3d 1079 (D. Or. 2017).

Accordingly,

IT IS HEREBY ORDERED that defendant Massey Enterprises, Inc.'s motion for summary judgment (#53) is GRANTED.

IT IS FURTHER ORDERED that defendant FedEx Ground Package Systems, Inc.'s motion for summary judgment (#48) is HELD IN ABEYANCE.

IT IS FINALLY ORDERED that defendant FedEx Ground Package Systems shall have until June 11, 2019 in which to file supplemental briefing with respect to the effect of this Memorandum and Order on the claims against FedEx, and plaintiff shall have seven days after any such filing by which to file any reply.

Dated this __4th__ day of June, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE